68655. KHOURY v. SKIDAWAY ISLAND ENGINEERING, INC.
(323 SE2d 692)

BENHAM, Judge.

Appellee sued appellant on account. Appellant's answer consisted of a mere denial of the debt. At trial, appellee put on evidence authorizing the conclusion that appellant, with knowledge of the source and cost of the services supplied, utilized appellee's services and that appellant paid for the services up to a certain date, but thereafter refused to make any payment for the services he had received. Appellant's evidence was to the effect that he never knowingly used appellee's services. His explanation for his payment of certain invoices bearing appellee's letterhead was that he thought that a third party was involved in that business. The jury returned a verdict for appellee for the full amount sought plus interest and attorney fees. The sole enumeration of error on appeal is that there is no basis in law or fact for an award of attorney fees in this case.

1. The jury in this case was presented with two mutually exclusive versions of the dealings between the parties. Appellee presented evidence that appellant, pursuant to an express agreement, accepted appellee's services with full knowledge of the source and costs of those services, paid for the services for a period of time without objection, then refused to make further payment, still without objection or explanation. Appellant swore that he believed the services were provided by a third party and that he never discussed the question of the cost of the services with the owner of appellee corporation. Presented with such contradictory positions, the jury clearly chose to disbelieve appellant's version and to accept appellee's; that is, they chose to believe that appellant simply refused to pay for the services he received.

"Such conduct could constitute evidence to support [appellee's]

claims that there existed no bona fide controversy as to appellant's liability, but rather that appellant was merely 'stonewalling,' as contemporary idiom has it — that is, that appellant was attempting to utilize what this court has denominated 'the "so sue me" ploy.' [Cit.]

" 'There being some evidence authorizing the award of attorney fees, this court cannot say as a matter of law that there was a reasonable defense to [appellee's] claim. It was for jury determination as to whether or not there was a bona fide controversy so as to deny attorney fees.' [Cit.]" *Thompson Enterprises v. Coskrey*, 168 Ga. App. 181, 184 (308 SE2d 399) (1983).

Under the circumstances of this case, we believe that the jury was authorized by law and fact to find that appellant was liable to appellee for the costs of litigation, having put appellee to unnecessary trouble and expense. OCGA § 13-6-11.

2. Appellee has moved for the imposition of damages for a frivolous appeal pursuant to OCGA § 5-6-6. In light of the facts presented at trial, the fact that appellant made no issue of attorney fees until this appeal, and our holding that the appeal is without merit, we are constrained to agree with appellee that this appeal was taken for purposes of delay only.

We therefore grant appellee's motion for damages and award to appellee damages in the amount of 10% of the judgment from which this appeal is taken. *Ayers v. Advertising Concepts*, 169 Ga. App. 400 (2) (312 SE2d 876) (1984).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 31, 1984.

*Michael J. Gannam*, for appellant.
*James O. Wilson, Jr.*, for appellee.